UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-1391 DDN |
| ) | |
| CARDINALS and BATAVIA UNKNOWN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action brought pursuant to Title II of the Civil Rights acts of 1964. The motion to proceed in forma pauperis will be granted. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff, Ken Harris, has brought this pro se action against the Major League Baseball team the Cardinals, and one of its Area Managers, Batavia Unknown. Plaintiff sues defendants under the Civil Rights Act of 1964, which creates a private cause of action for discrimination based on race and places of public accommodation. *See* 42 U.S.C. § 2000a.

Plaintiff, an African American, states that he was denied entrance into the Cardinal's Baseball Stadium on April 25, 2017, by Area Manager Batavia Unknown. He claims that "Area Manager Batavia[1] would not let [plaintiff] in with backpack." Plaintiff alleges that he saw whites carrying backpacks into the stadium even though he was restricted from carrying in his own backpack. Plaintiff asks that he be awarded $200,000 in monetary damages to "deter similar conduct."

A plaintiff seeking redress under 42 U.S.C. § 2000ae may only obtain injunctive relief, not damages. *See Brooks v. Collis Foods, Inc.,* 365 F.Supp.2d 1342, 1351 (N.D.Ga. 2005) (citing *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 401-02 (1968)). Because plaintiff has only sought money damages in this action and not injunctive relief, the Court must dismiss this action as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[1] Plaintiff claims that Batavia and he worked together previously at America's Center in the Guest Service's Department.

**IT IS FURTHER ORDERED** this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of May, 2017.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE